Receipt number AUSFCC-6290859

## THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DOE NO. 1<br><br>DOE NO. 2<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Civil Action No. 20-822 C<br><br>**PLAINTIFFS' COMPLAINT FILED IN COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT** |

## COMPLAINT

### INTRODUCTION

1.　　This is a civil action brought by Plaintiffs who are or were employees of the defendant United States of America ("Defendant"), in its Department of Justice, Federal Bureau of Investigation ("FBI"). Plaintiffs are employed as GS-11 and GS-12 Staff Operations Specialists ("SOSs"), in occupational series GS-0301. Plaintiffs bring this action on behalf of themselves and all similarly situated employees ("the others"), who are misclassified by Defendant as exempt from the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., ("FLSA").  As a result of their FLSA misclassification, Plaintiffs have worked more than 40 hours per week without receiving overtime pay at the FLSA rate.  Plaintiffs seek to recover from Defendant back pay, liquidated damages, interest, attorneys' fees, and costs pursuant to the FLSA, 5 U.S.C. § 5596, and other applicable laws.

2.       Plaintiffs and the others are employed by Defendant as excepted employees who were required by Defendant to perform their regular duties for Defendant without being paid for their labor on their regularly scheduled pay days, commencing December 22, 2018, and thereafter.

3.       If Plaintiffs had been properly classified by Defendant as FLSA non-exempt, rather than exempt, Plaintiffs allege, assert and maintain that they, and the others, would be, and are, entitled to recover liquidated damages herein under FLSA for all the regular hours they worked from December 22, 2018, and thereafter, for which they were not paid on their regular paydays, at the rate of $7.25 (the Federal minimum wage), for each regular hour they worked during each regular 80 hour two-week pay period, as well as an amount equivalent to the FLSA overtime pay they were entitled to receive from Defendant under FLSA for any overtime work they performed during the relevant time period, for which they were not paid on their regular paydays.

4.       Plaintiffs and the others desire anonymity in connection with their participation in this litigation, and seek to litigate this case partially under seal, in light of the sensitive nature of the duties they perform for Defendant, and the need for their identities not to be disclosed and made public in this litigation, or otherwise, as is more fully set forth in Plaintiffs' Motion for a Protective Order and to Permit Plaintiffs and Putative Class members to File their Claims Anonymously, which is being filed on their behalf in this Court simultaneously herewith.

## JURISDICTION AND VENUE

5.       This Court has jurisdiction over this civil action pursuant to 5 U.S.C. § 5596, 28 U.S.C. §§ 1346(a)(2), 1491, and 29 U.S.C. § 216(b).

6.       Venue is proper under 28 U.S.C. § 1491(a)(1).

7. This Court has jurisdiction under 28 U.S.C. §§ 2201 and 2202 to issue declaratory judgments and other relief sought herein in that actual controversies exist between the Plaintiffs and the others, and Defendant, regarding actions and failures to act by Defendant in violation of the FLSA.

## THE PARTIES

8. Plaintiffs and the others are employees of Defendant within the meaning of 29 U.S.C. § 203(e), and within the meaning of Title 5 of the U.S. Code, specifically, 5 U.S.C. §§ 2015, 5541.

9. Plaintiffs are excepted employees of Defendant who should have been treated as FLSA non-exempt for three years prior to, and during, the relevant time periods.

10. Plaintiffs have signed individual consent forms to be included as parties to this action pursuant to 29 U.S.C. § 216(b). Their written consents, containing each Plaintiff's name, address and signature, will be filed herein under seal after the granting by this Court of Plaintiffs' Motion for a Protective Order and to Permit Plaintiffs and Putative Class Members to File Their Claims Anonymously which is being filed with the Court simultaneously with this Complaint. Plaintiffs and the others are, or have been, employed by Defendant during periods from 2017 and thereafter.

11. Defendant and its involved agency, namely FBI, are, and at all material times have been, "public agencies" and "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d) and § 203(x), and executive agencies within the meaning of 5 U.S.C. §§ 105, 5541, 5596.

## GENERAL ALLEGATIONS

12. Plaintiff Doe No. 1 is employed by Defendant as a GS-12-0301 SOS and has been classified by Defendant as FLSA exempt from at least 2017 to May 11, 2019.

13. Plaintiff Doe No. 2 is employed by Defendant as a GS-12-0301 SOS and has been classified by Defendant as FLSA exempt from at least 2017 to May 11, 2019.

14. Defendant and its officers and agencies are responsible under the United States Constitution, federal law, and regulations for the establishment and administration of personnel, employment, and compensation policies and practices and for applying to Plaintiffs and the others the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

15. Under the FLSA and the Office of Personnel Management ("OPM") regulations, employees of Defendant are presumed to be FLSA non-exempt, and Defendant bears the burden of demonstrating by clear and convincing evidence that Plaintiffs and the others are FLSA exempt.

16. Plaintiffs and the others have worked at a minimum, 8 hours per day and 40 hours per week and often, more. Nevertheless, Defendant has considered Plaintiffs as being "FLSA exempt" and has not accorded Plaintiffs the rights and pay to which FLSA non-exempt employees of Defendant are entitled.

17. At all material times herein, Defendant has considered and treated Plaintiffs and those who are SOS GS-11 and GS-12s, and the others, as FLSA exempt, and has not accorded Plaintiffs, and the others, the rights and benefits to which FLSA non-exempt employees of Defendant are entitled.

18. Defendant has not posted the legally required FLSA notice in Plaintiffs' workplace regarding their rights under FLSA.

19. Defendant, its officers and agency, the FBI, have previously and repeatedly misclassified its employees as exempt from the provisions of the FLSA.

20. Defendant's violations of the FLSA are willful within the meaning of 29 U.S.C. § 255, by wrongfully and willfully failing and refusing to provide Plaintiffs, and the others, with pay due under the FLSA and Defendant's implementing regulations.

21. Plaintiffs further assert that Defendant's violations of the FLSA alleged herein are willful, as Defendant was on express notice of this Court's decision in *Martin v. United States*, 117 Fed. Cl. 578 (2017), ("*Martin*"), in which this Court held that Defendant's failure to pay approximately 24,000 of its FLSA non-exempt excepted employees "on time," in connection with a prior governmental shutdown in 2013 violated the FLSA.  Indeed, Defendant is presently engaged in determining, jointly with the plaintiffs in *Martin*, the amounts of its liability for liquidated damages to the plaintiffs therein for FLSA violations in all relevant respects identical to those alleged herein. Defendant thereby had express notice that its violations alleged herein were patently unlawful, and it engaged in these violations nonetheless, as alleged herein, in reckless disregard of its obligations to comply with its own existing laws and regulations.  *See e.g.*, 5 C.F.R. § 551.104, re "willfulness."

22. Plaintiffs further assert that because Defendant's FLSA violations were willful, the statute of limitations applicable to the violations alleged herein is three years, and Plaintiffs seek a declaratory judgment to such effect.

## COLLECTIVE ACTION ALLEGATIONS

23. Plaintiffs bring their FLSA claims on behalf of themselves and the others, who work or have worked for Defendant as GS-11 and GS-12 SOSs and who may elect to join this action as plaintiffs.

24. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and all GS-11 and GS-12 SOSs. Therefore, notice should be sent to them of their right

to join this action. Upon information and belief, there are many similarly situated current and former GS-11 and GS-12 SOSs employed by Defendant who have been underpaid in violation of the FLSA who would benefit from the issuance of a court- supervised notice of the present lawsuit and their opportunity to join as plaintiffs in this lawsuit. Those similarly situated employees are known to Defendant, or are readily identifiable, and can be located through Defendant's records.

## COUNT ONE

### Failure to Properly Compensate Plaintiffs for Overtime under FLSA

25.     Plaintiffs incorporate by reference herein the allegations contained in paragraphs 1 through 24 above.

26.     Defendant wrongfully and willfully denied Plaintiffs, and the others, coverage under FLSA and wrongfully and willfully withheld overtime compensation due them by failing and refusing to pay them in accordance with FLSA for hours worked in excess of 8 hours per day and/or 40 hours per week.

## COUNT TWO

### Failure to Pay the Minimum Wages and Overtime Pay Due to Excepted Employees Such as Plaintiffs and the Others Who were or Should Have Been Classified as Non-Exempt from the FLSA Minimum Wage and Overtime Provisions as Required Under the FLSA

27.     Plaintiffs incorporate herein the preceding paragraphs 1 through 26 of this Complaint, as if fully set forth herein.

28.     Defendant failed to pay FLSA minimum wages and overtime compensation to Plaintiffs and the others on their regularly scheduled paydays commencing December 22, 2018, and thereafter, since they should have been classified as FLSA non-exempt.

## COUNT THREE

### Request for Back Pay, Liquidated Damages, Interest, Attorneys' Fees and Costs

29. Plaintiffs incorporate by reference herein the allegations contained in Paragraphs 1 through 28 above.

30. Defendant's violations of FLSA alleged herein were willful, entitling Plaintiffs and the others to a three-year statute of limitations in which to file their claims as alleged herein.

31. As a result of the wrongful and willful violations of law by Defendant and its officers and agents as alleged in the claims specified above, there is due and owing to Plaintiffs, and the others, various amounts of back pay, liquidated damages, interest, attorneys' fees and costs, including liquidated damages stemming from work performed during the 2018 – 2019 Federal shutdown for which they were not paid on their regular payday.

32. The actions of the Defendant in this litigation are not substantially justified, and there are no special circumstances that would make an award of attorneys' fees, costs and expenses unjust for the purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A).

33. Employment, time, work, pay, leave and other records relating to Plaintiffs are in the possession, control, and custody of Defendant and its officers and agents, and Plaintiffs are unable to state at this time the exact amount of pay and liquidated damages which are due and owing to them with respect to their individual claims.  Defendant and its officers and agents are under a duty imposed by Section 11(c) of the FLSA, 29 U.S.C. § 211(c), and other statutes and regulations to maintain and preserve payroll and other employment records with respect to Plaintiffs, and the others, from which the amounts of Defendant's liability to Plaintiffs, and the others, may be determined.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

a) Designate this action as an FLSA collective action on behalf of Plaintiffs and the others, and promptly issue notice pursuant to 29 U.S.C. § 216(b), to all similarly situated employees apprising them of the pendency of this action, permitting them to assert their timely FLSA claims in this action by filing individual Consents to Join, pursuant to 29 U.S.C. § 216(b), and toll the statute of limitations;

b) Issue a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 stating that Plaintiffs and the others, were, and are, employed by Defendant in a FLSA non-exempt capacity, and have been wrongfully and willfully denied such status by Defendant; and

c) Order Defendant to conduct a full, complete and accurate accounting of all back overtime pay, interest and liquidated damages due and owing to Plaintiffs and the others, as are sought herein from 2017 to date as a result of Defendant's misclassification of Plaintiffs and the others, as exempt from the FLSA; and

d) Order Defendant to conduct a full, complete and accurate accounting of the minimum wages and overtime pay that the named plaintiffs and the others earned, but were not paid on their regular paydays, commencing December 22, 2018, and thereafter, and pay liquidated damages equal to such amounts, due and owing to Plaintiffs, and the others; and

e) Award Plaintiffs, and the others, such back pay, liquidated damages, and interest under the Back Pay Act, and otherwise, from the date of the denial of such pay and entitlements until a date not more than 30 days before the date on which the judgment herein is paid, and costs, as are due and owing to them by Defendant under applicable federal laws and regulations; and

      f)      Award Plaintiffs, and the others, reasonable attorneys' fees and costs, experts' fees, and service payments to class representative plaintiffs, to be paid by Defendant under FLSA, the Back Pay Act, 5 U.S.C. § 5596, and the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B); and

      g)      Issue a call upon Defendant pursuant to 28 U.S.C. § 2507, requiring the production of information and/or papers of Defendant establishing Defendant's liability herein; and

      h)      Issue a notice to all others as is proposed and provided for in Plaintiffs' Motion for Conditional Certification and Notice which will be filed, hereafter; and

      i)      Grant to Plaintiffs, and the others, such other relief as the Court deems just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  |  |
|  | **/s/Linda Lipsett** |
|  | Linda Lipsett (Counsel of Record) |
|  | BERNSTEIN & LIPSETT, P.C. |
| OF COUNSEL: | 1130 Connecticut Avenue, N.W., Suite 950 |
|  | Washington, D.C.  20036 |
| Jules Bernstein | (202) 296-1798 |
| BERNSTEIN & LIPSETT, P.C. | (202) 496-0555 facsimile |
| 1130 Connecticut Avenue, N.W., Suite 950 | chouse@bernsteinlipsett.com |
| Washington, D.C.  20036 |  |
| (202) 296-1798 |  |
| (202) 496-0555 facsimile |  |
| chouse@bernsteinlipsett.com | *Attorneys for Plaintiff* |

Daniel M. Rosenthal
Alice Hwang
JAMES & HOFFMAN, P.C.
1130 Connecticut Avenue, N.W., Suite 950
Washington, D.C. 20036
(202) 496-0500
(202) 496-0555 facsimile
dmrosenthal@jamhoff.com
achwang@jamhoff.com


Dated:  July 7, 2020

## CERTIFICATE OF SERVICE

Pursuant to the Rules of the United States Court of Federal Claims, Rule 4, service of this complaint on Defendant United States of America will be effectuated by the clerk of the court.

Respectfully,

*s/ Linda Lipsett*
Linda Lipsett

July 7, 2020